IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thurmond Guess, Sr., ) | C/A No.: 3:23-6408-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER AND NOTICE |
| Richland County Administrator ) | |
| Leonardo Brown; Darrell Jackson, ) | |
| Sr.; Rose Ann English; Alfred T. ) | |
| Guess; and Marjorie Guess, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Thurmond Guess, Sr. ("Plaintiff"), proceeding pro se, filed this complaint against Richland County Administrator Leonardo Brown, Darrell Jackson, Sr., Rose Ann English, Alfred T. Guess, and Marjorie Guess ("Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends this matter be summarily dismissed.

I.    Factual and Procedural Background

Plaintiff alleges that over 30 years ago, on March 10, 1990, Jackson, Green, and English "made an unlawfully taken of the plaintiff property as an heir and given it to Richland County, which is illegal and unlawful and false Easement Right of Way Deed to Richland County." [ECF No. 1 at 1–2]. Plaintiff

alleges his father was deceased when the easement was signed and filed. *Id.* at 2. He alleges Brown and Richland County refuse to "return the property back to the plaintiff and heirs." *Id.* at 2. He claims "Alfred Guess and Marjorie Guess refuse to act and tell the plaintiff about this scam, and assisted the defendants in this action." *Id.* He brings causes of action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978),[2] and for violations of his Fifth and Fourteenth Amendment rights.

Plaintiff has previously brought a case, *Guess v. Brown, et al.*, C/A No. 3:23-2957-CMC ("*Guess I*"), with almost identical allegations.[3] *Guess I* also

---

[1] *Bivens* established that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits.

[2] *Monell* held that municipalities cannot be held liable for alleged actions of their employees on a respondeat superior theory. *Monell*, 436 U.S. 691. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.*

[3] In addition to the reasons, discussed herein, this complaint is subject to dismissal as redundant to the claims in *Guess I*. *See Cottle v. Bell*, No. 00-6367, 2000 WL 1144623, at *1 (4th Cir. Aug. 14, 2000) ("Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)."); *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1998) ("[D]istrict courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party."); *Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

included claims for alleged violations of the Fifth and Fourteenth Amendments, which were construed as claims brought pursuant to § 1983. Plaintiff's complaint was dismissed for Plaintiff's failure to set forth a viable federal claim. Although Plaintiff did not enumerate a claim brought pursuant to *Monell* in his amended complaint in *Guess I*, he did mention the case in his objections. [ECF Nos. 25, 31]. In *Guess I*, the Honorable Cameron McGowan Currie, United States District Judge, found:

> The court agrees with the Magistrate Judge the Amended Complaint does not set forth a viable federal claim under § 1983 or the other criminal statutes under which Plaintiff attempts to bring claims. Plaintiff's objections are overruled for the reasons stated in the Report: he may not bring a civil action under a criminal statute, Defendants other than Brown are not state actors, and he fails to state a claim against Brown under § 1983. Claims under *Monell* are restricted to municipalities and not a single actor. After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court adopts and incorporates the Report and Recommendation by reference in this Order. Plaintiff's Amended Complaint is hereby summarily dismissed without prejudice and without issuance and service of process.

[ECF No. 33].

## II. Discussion

### A. Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against

possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*,

901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

    B.    Analysis

        1.  Claims pursuant to *Bivens* and *Monell*

Plaintiff has not alleged any defendant is a federal actor. *Bivens* applies only to federal officials. *See Earle v. Shreves*, 990 F.3d 774, 777–78 (4th Cir. 2021) (explaining how the Supreme Court's decision in *Bivens* recognized an implied cause of action against federal officers accused of violating a citizen's constitutional rights). Therefore, Plaintiff's Bivens claim is subject to summary dismissal.

Although Plaintiff argues *Monell* created § 1983 liability for municipalities under certain circumstances, Plaintiff has not alleged those circumstances are present in his case. Further, he has sued only individuals and not a municipality. Therefore, Plaintiff has not shown that *Monell* provides a claim in this case.

2.  Constitutional Claims

Although Plaintiff indicates he is suing for violations of his Fifth and Fourteenth Amendment rights, all of the defendants except Brown are private citizens who are not responsible for due process, nor subject to liability under 42 U.S.C. § 1983. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 940 (1982) (finding purely private conduct is not actionable under § 1983). Therefore, Plaintiff has failed to state a viable cause of action against Darrell Jackson, Sr., Rose Ann English, Alfred T. Guess, and Marjorie Guess.

Although he sues Brown as the Richland County Administrator, Plaintiff has not alleged that Brown denied him due process, as the easement was filed in 1990, well before Brown was in the position. The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization).

Plaintiff alleges he informed Brown on February 15, 2022, at the "Richland County meeting" that "this Easement Right-of Way Deed was a

6

scam." [ECF No. 25 at 2 (errors in original)]. He further alleges "All of the defendants agree to be in on this conspiracy." *Id*. However, this is insufficient to show Brown violated his constitutional rights. Therefore, Plaintiff also fails to state a cause of action against Brown.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **February 9, 2024**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

*Shiva V. Hodges*

January 19, 2024
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge